

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2003

# Kirk v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-3623

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Kirk v. Comm Social Security" (2003). *2003 Decisions.* Paper 560.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/560

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3623

ROBERT KIRK,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 00-03791)
Honorable Joseph A. Greenaway, Jr., District Judge

Argued April 8, 2003

BEFORE:  ALITO, FUENTES, and GREENBERG, Circuit Judges

Filed: May 12, 2003

Thomas H. Klein (argued)
Smith & Klein
100 Broad Street
Eatontown, NJ 07724

Attorneys for Appellant

Christopher J. Christie
United States Attorney
Peter G. O'Malley
Assistant U.S. Attorney

District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

Barbara L. Spivak
Chief Counsel - Region II
Ivelisse Clausell (argued)
Assistant Regional Counsel
Office of the General Counsel
Social Security Administration

Attorneys for Appellee

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the court on appeal from an order entered on July 26, 2002, denying appellant Robert Kirk's appeal from a decision of the Commissioner of Social Security denying him social security disability benefits. The district court entered the order without an accompanying opinion.

The background of this case is as follows. In 1994 Kirk sought disability benefits. On September 11, 1995, the Social Security Administration advised Kirk that it had decided that he was disabled under its rules, indicating that it "found that drug addiction and/or alcoholism [was] a contributory factor material to [his] disability [and that] if [it] had not considered [his] drug addiction and/or alcoholism, [it] would not have

2

found [him] disabled."[1]  It is, however, clear that the residual effects of a stroke also contributed to his disability and the Commissioner acknowledges as much.  In September 1996 pursuant to section 105 of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, Kirk was notified that his benefits would cease as of December 31, 1996, as Congress had prohibited a claimant from receiving benefits where drug or alcohol addiction was a factor material to the determination of his disability.  See 42 U.S.C. § 423(d)(2)(c).

The law, however, permitted him to seek a redetermination of his disability without regard for the substance dependency disorder and he did so.  See Pub. L. No. 104-121, § 105.  In effect, the request for a redetermination is treated as a new application with the five-part sequential evaluation process followed.  The Commissioner denied Kirk's claim following which he sought a hearing before an administrative law judge who, after considering his claim de novo, determined that he was not disabled.  He then unsuccessfully sought review from the Appeals Council following which he instituted the proceedings which ultimately led to this appeal.

The district court had jurisdiction pursuant to 42 U.S.C. § 405(g) and we have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the order of

---

[1]Following the argument before this court the parties sent to the court certain submissions regarding the basis for the Social Security Administration's original determination that Kirk was disabled as there was some question about this.  After our consideration of these submissions we are satisfied that Kirk's alcohol dependency was a factor material to the determination of his disability so that the Contract with the America Advancement Act of 1996 became implicated in this case.

3

the district court, <u>see</u> <u>Knepp v. Apfel</u>, 204 F.3d 78, 83 (3d Cir. 2000), but review the decision of the Commissioner to determine whether it is supported by substantial evidence.  <u>See</u> <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 91 S.Ct. 1420, 1422 (1971).  Of course, we exercise plenary review over questions of law.

After a review of the matter we have concluded that exercising the appropriate standards of review that we have no basis on which to reverse the order of the district court.  Consequently, the order of July 26, 2002, will be affirmed.

————————

TO THE CLERK:

Please file the foregoing not precedential opinion.

<table>
<tr><td></td><td>/s/ Judge Morton I. Greenberg (Sr.)</td></tr>
<tr><td>————————————————————</td><td>Circuit Judge</td></tr>
</table>

DATED: May 12, 2003

4